REBECCA CUCU, ESQ., CA Bar No. 201763
(rcucu@gorijulianlaw.com)
GORI, JULIAN & ASSOCIATES, P.C.
3848 W. Carson Street, Suite 103
Torrance, CA 90503
Tel: (424) 383-1499
Fax: (424) 383-1504

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VERNING, <br> Plaintiff, <br> vs. <br> DAY TO DAY IMPORTS, INC. AND OXGORD INCORPORATED. <br> Defendants. | Case No. <br><br> **COMPLAINT FOR STRICT LIABILITY AND NEGLIGENCE; DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR STRICT LIABILITY AND NEGLIGENCE;

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MICHAEL VERNING, by and through his attorneys, GORI JULIAN & ASSOCIATES, P.C., and for his Complaint against the Defendants, DAY TO DAY IMPORTS, INC. AND OXGORD INCORPORATED, respectfully states as follows:

## INTRODUCTION

1. That all times relevant herein, the Plaintiff, MICHAEL VERNING, was and is a resident of the state of Illinois.

2. That at all times relevant herein, Plaintiff, was and is an owner of Oasis Investments, LLC, a contracting and roofing company that does business as Oasis Construction in Troy, Madison County, Illinois.

3. That at all times relevant herein, the Defendant DAY TO DAY IMPORTS, INC. was and is a California Corporation in the business of manufacturing, distributing and selling telescopic extension ladders. Its principal place of business is 16235 Avalon Blvd., Gardena, Los Angeles County, CA 90248.

4. That at all times relevant herein, the Defendant OXGORD INCORPORATED was and is a California Corporation in the business of manufacturing, distributing and selling telescopic extension ladders. Its principal place of business is 1118 Glenville Drive, Los Angeles, Los Angeles County, CA 90035.

5. Pursuant to 28 U.S.C. 1332 this Court has original jurisdiction and the amount in controversy exceeds $75,000.00.

6. That on or about August 25, 2016, Plaintiff, as owner of Oasis Construction, purchased a 12'5" telescopic extension ladder off the internet. The telescopic ladder (SKU: LDAL-TS02-12) was dropped shipped to Oasis Construction in Troy, Madison County, Illinois.

7. That on or about January 20, 2017, Plaintiff was inspecting a roof located at 3034 Atlanta Drive, Glen Carbon, IL 62034, and using the aforementioned ladder.

## COUNT I
## (Strict Liability - DAY TO DAY IMPORTS, INC.)

8. That Plaintiff MICHAEL VERNING incorporates and realleges paragraphs 1 through 7 of the Introduction of Plaintiffs' Complaint hereinafter as if fully set forth herein verbatim.

9. Defendant, DAY TO DAY IMPORTS, INC., is in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling and introducing into the stream of commerce telescopic ladders, specifically telescopic ladder (SKU: LDAL-TS02-12), for the use in ascending/descending applications.

10. That the DAY TO DAY IMPORTS, INC telescopic ladder (SKU: LDAL-TS02-12) was in a defective condition and unreasonably dangerous for use in the expectable environment of use of said ladder when placed in the stream of commerce by DAY TO DAY IMPORTS, INC. Said defective, unreasonably dangerous condition, caused, or was a contributing cause of the injuries, damages, which are the basis of this lawsuit.

11. DAY TO DAY IMPORTS, INC. is liable to Plaintiff because as designer, manufacturer, distributor, and/or seller of its products, in a defective unreasonably dangerous condition. DAY TO DAY IMPORTS, INC. owed Plaintiff a strict duty not to cause harm through the use of DAY TO DAY IMPORTS, INC. defective and unreasonably dangerous telescopic ladders.

12. Further, DAY TO DAY IMPORTS, INC. sold and placed in the stream of commerce, defective and unreasonably dangerous telescopic ladders, which were not safe for their reasonably anticipated use, when DAY TO DAY IMPORTS, INC.:

(a) Knew, or with the exercise of reasonable care, should have known, that its telescopic ladder (SKU: LDAL-TS02-12), would collapse and fail, and therefore, were in a defective, unreasonably dangerous condition;

(b) Failed to warn and/or adequately warn Plaintiff of such dangers that were posed by DAY TO DAY IMPORTS, INC.'s defective and unreasonably dangerous telescopic ladders;

(c) Knew or it was reasonably foreseeable, that DAY TO DAY IMPORTS, INC.'s telescopic ladders would be used by consumers such as plaintiff;

(d) Knew, or in the exercise of reasonable care should have known that the DAY TO DAY IMPORTS, INC.'s telescopic ladder was designed in a manner that would cause the foot or base of the ladder to collapse, in the circumstances and under the conditions Plaintiff used the ladder, and;

(e) Failed to manufacture, install and or assemble its telescopic ladder (SKU: LDAL-TS02-12) in a manner where the foot or base would not collapse;

13.   That as a direct and proximate result of one or more or all of the foregoing acts of the Defendant, DAY TO DAY IMPORTS, INC., the telescopic ladder (SKU: LDAL-TS02-12) collapsed and plaintiff was caused to fall on or about January 20, 2017.

14.   That as a further direct and proximate result of one of the foregoing negligent acts and/or omissions on part of Defendant DAY TO DAY IMPORTS, INC., on or about January 20, 2017, Plaintiff MICHAEL VERNING was caused to fall, causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of his back, rib cage, chest, neck; spine; vertebrae, and right hand; that Plaintiff sustained injuries to his lungs; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has lost large sums of money from his usual occupation and will lose large sums of money in the future; that Plaintiff has a permanent loss of earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care and treatment and services; that Plaintiff has and will continue to have a loss of a normal life and disability; all to Plaintiff's damage.

//

//

//

## COUNT II

### (Negligence – DAY TO DAY IMPORTS, INC.)

15. That Plaintiff MICHAEL VERNING incorporates and realleges paragraphs 1 through 7 of the Introduction of Plaintiffs' Complaint hereinafter as if fully set forth herein verbatim.

16. Defendant, DAY TO DAY IMPORTS, INC., is in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling and introducing into the stream of commerce telescopic ladders, specifically telescopic ladder (SKU: LDAL-TS02-12), for the use in ascending/descending applications.

17. That the DAY TO DAY IMPORTS, INC. telescopic ladder (SKU: LDAL-TS02-12) was in a defective condition and unreasonably dangerous for use in the expectable environment of use of said ladder when placed in the stream of commerce by DAY TO DAY IMPORTS, INC. Said defective, unreasonably dangerous condition, caused, or was a contributing cause of the injuries, damages, which are the basis of this lawsuit.

18. DAY TO DAY IMPORTS, INC. had the duty to use ordinary care in the design, manufacture, production and/or distribution of its telescopic ladders including telescopic ladder (SKU: LDAL-TS02-12).

19. DAY TO DAY IMPORTS, INC. knew, or in the exercise of ordinary care, should have known of the unreasonable risks of harm posed by the use of its telescopic ladders including telescopic ladder (SKU: LDAL-TS02-12).

20. Despite its actual or constructive knowledge that its telescopic ladders pose an unreasonable risk of harm, Defendant DAY TO DAY IMPORTS, INC. was guilty of one or more of the following negligent acts or omissions:

  (a) Failed to provide adequate warning and/or instruction with regard to its telescopic ladders;

  (b) Failed to properly design their telescopic ladders;

  (c) Failed to manufacture, install and/or assemble its telescopic ladders with a base or foot that would not collapse under normal use;

  (d) Failed to implement or enforce a valid quality control program to ensure that its telescopic ladders were manufactured in compliance with certification regulations; and

  (e) Failed to prevent collapse of its telescopic ladders.

21. That as a direct and proximate result of one or more or all of the foregoing acts of the Defendant, DAY TO DAY IMPORTS, INC., the telescopic ladder (SKU: LDAL-TS02-12) collapsed and plaintiff was caused to fall on or about January 20, 2017.

22. That as a further direct and proximate result of one of the foregoing negligent acts and/or omissions on part of Defendant DAY TO DAY IMPORTS, INC., on or about January 20, 2017, Plaintiff MICHAEL VERNING was caused to fall, causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of his back, rib cage, chest, neck; spine; vertebrae, and right hand; that Plaintiff sustained injuries to his lungs; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has lost large sums of money from his usual occupation and will lose large sums of money in the future; that Plaintiff has a permanent loss of earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care and treatment and services; that Plaintiff has and will continue to have a loss of a normal life and disability; all to Plaintiff's damage.

# COUNT III
## (Strict Liability – OXGORD INCORPORATED)

23. That Plaintiff MICHAEL VERNING incorporates and realleges paragraphs 1 through 7 of the Introduction of Plaintiffs' Complaint hereinafter as if fully set forth herein verbatim.

24. Defendant, OXGORD INCORPORATED is in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling and introducing into the stream of commerce telescopic ladders, specifically telescopic ladder (SKU: LDAL-TS02-12), for the use in ascending/descending applications.

25. That the OXGORD INCORPORATED telescopic ladder (SKU: LDAL-TS02-12) was in a defective condition and unreasonably dangerous for use in the expectable environment of use of said ladder when placed in the stream of commerce by OXGORD INCORPORATED. Said defective, unreasonably dangerous condition, caused, or was a contributing cause of the injuries, damages, which are the basis of this lawsuit.

26. OXGORD INCORPORATED is liable to Plaintiff because as designer, manufacturer, distributor, and/or seller of its products, in a defective unreasonably dangerous condition. OXGORD INCORPORATED owed Plaintiff a strict duty not to cause harm through the use of OXGORD INCORPORATED defective and unreasonably dangerous telescopic ladders.

27. Further, OXGORD INCORPORATED sold and placed in the stream of commerce, defective and unreasonably dangerous telescopic ladders, which were not safe for their reasonably anticipated use when OXGORD INCORPORATED:

    (a) Knew, or with the exercise of reasonable care, should have known, that its telescopic ladder (SKU: LDAL-TS02-12), would collapse and fail, and

therefore, were in a defective, unreasonably dangerous condition;

(b) Failed to warn and/or adequately warn Plaintiff of such dangers that were posed by OXGORD INCORPORATED's defective and unreasonably dangerous telescopic ladders;

(c) Knew or it was reasonably foreseeable, that OXGORD INCORPORATED, INC.'s telescopic ladders would be used by consumers such as plaintiff;

(d) Knew, or in the exercise of reasonable care should have known that the OXGORD INCORPORATED's telescopic ladder was designed in a manner that would cause the foot or base of the ladder to collapse, in the circumstances and under the conditions Plaintiff used the ladder, and;

(e) Failed to manufacture, install and or assemble its telescopic ladder (SKU: LDAL-TS02-12) in a manner where the foot or base would not collapse;

28. That as a direct and proximate result of one or more or all of the foregoing acts of the Defendant, OXGORD INCORPORATED, the telescopic ladder (SKU: LDAL-TS02-12) collapsed and plaintiff was caused to fall on or about January 20, 2017.

29. That as a further direct and proximate result of one of the foregoing negligent acts and/or omissions on part of Defendant OXGORD INCORPORATED, on or about January 20, 2017, Plaintiff MICHAEL VERNING was caused to fall, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of his back, rib cage, chest, neck; spine; vertebrae, and right hand; that Plaintiff sustained injuries to his lungs; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has lost large sums of money from his usual occupation and will lose large sums of money in the future; that Plaintiff has a permanent loss of earning capacity; that Plaintiff has

become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care and treatment and services; that Plaintiff has and will continue to have a loss of a normal life and disability; all to Plaintiff's damage.

## COUNT IV
## (Negligence – OXGORD INCORPORATED)

30. That Plaintiff MICHAEL VERNING incorporates and realleges paragraphs 1 through 7 of the Introduction of Plaintiffs' Complaint hereinafter as if fully set forth herein verbatim.

31. Defendant, OXGORD INCORPORATED is in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling and introducing into the stream of commerce telescopic ladders, specifically telescopic ladder (SKU: LDAL-TS02-12), for the use in ascending/descending applications.

32. That the OXGORD INCORPORATED telescopic ladder (SKU: LDAL-TS02-12) was in a defective condition and unreasonably dangerous for use in the expectable environment of use of said ladder when placed in the stream of commerce by OXGORD INCORPORATED. Said defective, unreasonably dangerous condition, caused, or was a contributing cause of the injuries, damages, which are the basis of this lawsuit.

33. OXGORD INCORPORATED had the duty to use ordinary care in the design, manufacture, production and/or distribution of its telescopic ladders including telescopic ladder (SKU: LDAL-TS02-12).

34. OXGORD INCORPORATED knew, or in the exercise of ordinary care should have known of the unreasonable risks of harm posed by the use of its telescopic

ladders including telescopic ladder (SKU: LDAL-TS02-12).

35. Despite its actual or constructive knowledge that its telescopic ladders pose an unreasonable risk of harm, Defendant OXGORD INCORPORATED was guilty of one or more of the following negligent acts or omissions:

(a) Failed to provide adequate warning and/or instruction with regard to its telescopic ladders;

(b) Failed to properly design their telescopic ladders;

(c) Failed to manufacture, install and/or assemble its telescopic ladders with a base or foot that would not collapse under normal use;

(d) Failed to implement or enforce a valid quality control program to ensure that its telescopic ladders were manufactured in compliance with certification regulations; and

(e) Failed to prevent collapse of its telescopic ladders.

36. That as a direct and proximate result of one or more or all of the foregoing acts of the Defendant, OXGORD INCORPORATED, the telescopic ladder (SKU: LDAL-TS02-12) collapsed and plaintiff was caused to fall on or about January 20, 2017.

37. That as a further direct and proximate result of one of the foregoing negligent acts and/or omissions on part of Defendant OXGORD INCORPORATED, on or about January 20, 2017, Plaintiff MICHAEL VERNING was caused to fall, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones of his back, rib cage, chest, neck; spine; vertebrae, and right hand; that Plaintiff sustained injuries to his lungs; that Plaintiff has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has lost large sums of money from his usual occupation and will lose large sums of money in the future; that Plaintiff has a permanent loss of earning capacity; that Plaintiff has

become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care and treatment and services; that Plaintiff has and will continue to have a loss of a normal life and disability; all to Plaintiff's damage.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. General damages in the amount of $500,000.00;
2. Exemplary damages in the amount to be determined by the trier of fact;
3. Costs of suit; and
4. For such other relief this Court deems just and proper.

By: _____/s/ Rebecca Cucu, Esq._____

REBECCA CUCU, ESQ., CA Bar No. 201763
(rcucu@gorijulianlaw.com)
GORI, JULIAN & ASSOCIATES, P.C.
3848 W. Carson Street, Suite 103
Torrance, CA 90503
Tel: (424) 383-1499
Fax: (424) 383-1504

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VERNING, <br> Plaintiff, <br> vs. <br> DAY TO DAY IMPORTS, INC. AND OXGORD INCORPORATED. <br> Defendants. | Case No. <br><br> **DEMAND FOR TRIAL BY JURY** |

## DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff, MICHAEL VERNING, by and through his attorneys, GORI JULIAN & ASSOCIATES, P.C., and for his Demand for Trial By Jury, respectfully states as follows:

Plaintiff hereby demands trial by jury.

By:     /s/ Rebecca Cucu, Esq.

COMPLAINT FOR STRICT LIABILITY AND NEGLIGENCE; DEMAND FOR JURY TRIAL